IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CLARENCE BROOKS,** | ) |
|     **Plaintiff,** | ) ) ) |
| v. | ) )   Case No. CIV-24-607-F |
| **GARFIELD COUNTY COURTHOUSE et al.,** | ) ) ) |
|     **Defendants.** | ) ) |

### REPORT AND RECOMMENDATION

Plaintiff, a prisoner appearing *pro se* and *in forma pauperis,* has filed a civil rights Complaint. *See* ECF No. 1. United States District Judge Stephen P. Friot has referred the matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

**I.**     **SCREENING REQUIREMENT**

The Court must review each complaint in which a prisoner seeks redress against a governmental entity, officer, or employee and each case in which a plaintiff proceeds *in forma pauperis*. 28 U.S.C. § 1915A(a). The Court is required to dismiss the complaint or any portion of the complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b); *see also Kay v. Bemis,* 500 F.3d 1214, 1217–18 (10th Cir. 2007) (indicating that court uses same analysis for complaint's sufficiency whether performed sua sponte or pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)).

## II. STANDARD OF REVIEW

The Court must accept Mr. Brook's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Since Mr. Brooks is proceeding *pro se*, his complaint must be construed liberally. *See id*. at 1218. The Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct," then the plaintiff has not "nudged (his) claims across the line from conceivable to plausible." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility requirement "serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma,* 519 F.3d 1242, 1248 (10th Cir. 2008).

A complaint fails to state such a claim when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote and citation omitted). Bare legal conclusions in a complaint are not assumed to be true; legal conclusions "must be supported by factual allegations" to state a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Whether

2

a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *see also Gee v. Pacheco*, 627 F.3d 1178, 1184-85 (10th Cir. 2010) (discussing *Iqbal).*

### III. THE COMPLAINT

Plaintiff Clarence Brooks filed a civil rights Complaint. (ECF No. 1). The form complaint contains a section on jurisdiction, which Mr. Brooks left blank. (ECF No. 1:2). As Defendants, Plaintiff names: (1) Tom Newby, Judge; (2) Jason Siegars, Judge; (3) Chase Gooch, public defender; (4) Amanda Lilley public defender; and (5) Shawn Hill, District Attorney. (ECF No. 1:4-5). In his sole claim for relief, Plaintiff alleges violations of various rights, including "Gun Law," "Due Process of Law," "No Fair hearing/Double Jeopardy—arrested twice for same crime."[1] (ECF No. 1:7).

In two attachments to the Complaint, Mr. Brooks discusses Garfield County District Court Case Nos. CF-2019-485 and CF-2022-402. (ECF Nos. 1-1 & 1-2). On October 29, 2021, in Case No. CF-2019-485, Plaintiff pled guilty to one count of unauthorized use of a vehicle and was sentenced to a term of two years imprisonment, which was suspended. *See* Judgment and Sentence, *State of Oklahoma v. Brooks*, Case No. CF-2019-485 (Garfield Co. Dist. Ct. Jan. 4, 2022). On December 8, 2022, the State of Oklahoma filed an Application to Revoke Petitioner's suspended sentence based, in part, on Petitioner's

---

[1] In the style of the case, Plaintiff also names The Garfield County Courthouse as a Defendant, but Mr. Brooks does not specify any allegations against the Courthouse *per se* in the Complaint. *See* ECF No. 1.

3

charges in Case No. CF-2022-402 for possession of a firearm after a former felony conviction. *See* Motion to Revoke Suspended Sentence, Case No. CF-2019-485 (Garfield Co. Dist. Ct. Dec. 8, 2022).

In the Complaint filed in this Court, Mr. Brooks makes various allegations against the Defendants related to the charges in both the 2019 and 2022 Garfield County cases. First, Plaintiff appears to be challenging the validity of the conviction in Case No. CF-2019-485. According to Mr. Brooks, he was arrested for unauthorized use of a vehicle, spent time in jail, and then was "released back to the streets" only to be arrested again for the same crime, which resulted in the two year suspended sentence being imposed. *See* ECF No. 1-1. Presumably, these allegations would relate to Mr. Brooks' claim of a "Double Jeopardy" violation. *See supra*.

Next, Plaintiff appears to challenge the validity of the conviction in Case No. CF-2022-402, stating that Defendant Hill "never proved he even had a case" and Judge Siegars "went with the state even though the state had no case and still Bond it over for Jury." (ECF No. 1-1:2). Plaintiff appears to further be challenging the validity of this sentence in that case, arguing that a "second page" was improperly attached to the charging documents in that case. (ECF No. 1-1:4).

Following the undersigned's review of the Complaint in this case, it was apparent that Plaintiff was challenging the validity of his conviction(s) and/or sentence(s) in the Garfield County District Court cases, and he was not intending to assert a civil rights violation, as the form on which he had submitted his allegations would suggest. However,

4

the undersigned was not altogether clear regarding what type of challenge Mr. Brooks was intending to assert. As specifically detailed within the Court's Order the Plaintiff was permitted to correct his filing. The Plaintiff was advised that he may submit a proper form habeas petition and that the fee for that matter is $5.00 for each petition. The Court further advised the Plaintiff that the Court would review any subsequent filing and make additional findings as to payment of the remaining fee and/or any additional requirements of the Plaintiff by the Court. Plaintiff was provided both a blank 2254 and 2241 form. The deadline to comply with this Order was September 9, 2024. Plaintiff has not responded. *See* ECF No. 13. and Staff Notes dated 8/19/2024. A review of the court file indicates that as of this date, the Plaintiff has failed to comply with the Court's Order, show good cause for his failure to do so, or request an extension of time to comply with the Court's order. In fact, Plaintiff has not responded to the Court's order in any way. Further, there is no indication from the docket that Plaintiff did not receive the Court's previous Order which was mailed to Plaintiff's address of record. *See Id;* LCvR 5.4.(a).

## IV.     DISMISSAL OF THE COMPLAINT

Liberally construing Plaintiff's claims, the Court should conclude that the allegations in the Complaint challenge the legality of Mr. Brooks' sentence. The Court should dismiss these claims as improperly filed in a Complaint under 42 U.S.C. § 1983. Moreover, the undersigned finds that Plaintiff's failure to comply with the Court's Order, in light of the Court's right and responsibility to manage its cases, warrants dismissal of this action without prejudice. *See Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe*

*County Justice Center*, 492 F.3d 1158, 1161 n.2, 1162 (10th Cir. 2007) (*sua sponte* dismissal for failure to comply with Court's orders permitted under federal rules, and court need not follow any particular procedures in dismissing actions without prejudice for failure to comply).

## V. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Based on the foregoing findings, it is recommended that this action be **DISMISSED** without prejudice. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of Court by **October 7, 2024**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VI. STATUS OF REFERRAL

This Report and Recommendation terminates the referral to the undersigned magistrate judge in the captioned matter.

ENTERED on September 19, 2024.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE